**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

**GUSTAVO SAVARIA et al.,**                                        **12 CIV 07310 (PAC)**

                               **Plaintiffs,**

      **-against-**

**2799 BROADWAY GROCERY LLC d/b/a**
**CACABEL TAQUERIA et al.,**

                             **Defendants.**
-------------------------------------------------------------------X


**DEFENDANTS' MEMORANDUM**
**OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**


Joseph M. Labuda, Esq.
Matthew A. Brown, Esq.
MILMAN LABUDA LAW GROUP PLLC
Attorneys for Defendants
3000 Marcus Avenue, Suite 3W8
Lake Success, NY  11042
(516) 328-8899

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ................................................................................................ **1**

**ARGUMENT** ........................................................................................................................... **1**

**POINT I**
    **PLAINTIFFS' CLASS ACTION MOTION IS UNTIMELY AND MUST BE DENIED** ............ **1**

**POINT II**
    **PLAINTIFFS ARE NOT PERMITTED TO MOVE PURSUANT TO RULE 23 FOR THEIR**
    **FLSA CLAIMS** ............................................................................................................... **7**

**POINT III**
    **PLAINTIFFS CANNOT ESTALBISH THE REQUISITE RULE 23 ELEMENTS AND THE**
    **MOTION MUST BE DENIED** ........................................................................................... **8**

**POINT IV**
    **PLAINTIFFS CANNOT ESTABLISH FRCP 23(b)(3)'s STANDARD** ..................................... **20**

**CONCLUSION** ....................................................................................................................... **24**

# TABLE OF AUTHORITIES

## Cases

*Alix v. Wal-Mart Stores, Inc.*, 57 A.D.3d 1044 (N.Y. App. Div. 3d Dep't 2008), ....................................22

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591,117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997)...............15,20

*Attenborough v. Constr. & Gen. Bldg. Laborers' Local 79*, 238 F.R.D. 82, (S.D.N.Y. 2006) ...................11

*Baffa v. Donaldson, Lufkin & Jenretter Sec. Corp.*, 222 F.3d 52, (2d Cir. 2000) .......................................11

*Bano v. Union Carbide Corp.*, 2005 U.S. Dist. LEXIS 32595, at * 14 (S.D.N.Y. Aug. 12, 2005) .......................9

*Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759 (2d Cir. N.Y. 1990) .......................................................5

*C.M. v. Syosset Cent. Sch. Dist.*, 2013 U.S. Dist. LEXIS 166529 (E.D.N.Y. Nov. 22, 2013)...................20

*Cent. States Se. and Sw. Areas Health and Welfare Fund v. Merck-Medco Managed Care, L.L.C.*,
    504 F.3d 229, (2d Cir. 2007)............................................................................................................10

*Chan v. Sung Yue Tung Corp. d/b/a 88 Palace*, No. 03-6048 (GEL), 2007 WL 313483, at *21
    (S.D.N.Y. Feb. 1, 2007) .................................................................................................................18

*Cruz v. Coach Stores, Inc.,* , 1998 U.S. Dist. LEXIS 18051, (S.D.N.Y. Nov. 18, 1998) ...........................3

*Dauphin v. Chestnut Ridge Transp., Inc.*, 2009 U.S. Dist. LEXIS 74483, *12-14
    (S.D.N.Y. Aug. 20, 2009) ..............................................................................................................21

*Denney v. Deutsche Bank AG*, 443 F.3d 253, (2d Cir. 2006) ..................................................................19

*Engel v. Scully & Scully, Inc.*, 279 F.R.D. 117 (S.D.N.Y. 2011).............................................................14

*Enriquez v. Cherry Hill Mkt. Corp.*, 2013 U.S. Dist. LEXIS 141284
    (E.D.N.Y. Sept. 30, 2013)...........................................................................................................15, 23

*Enzymotec Ltd. v. NBTY, Inc.*, 754 F. Supp. 2d 527 (E.D.N.Y. 2010))....................................................6

*Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 110 S. Ct. 482, 107 L. Ed. 2d 480
    (1989)..............................................................................................................................................7

*Ireland v. Buckley*, 2004 U.S. Dist. LEXIS 30961 (N.D.N.Y. Nov 3, 2004) ............................................6

*Jenkins v. TJX Companies*, 853 F. Supp. 2d 317, (E.D.N.Y. 2012). .........................................................7

*Johnson, et al. v. Nextel Communications Inc., et al*, 07-CV-08473 (GBD)(KNF) (SDNY). ...................20

*Jones v. Ford Motor Credit Co.*, 358 F.3d 205, (2d Cir. 2004)...................................................................1

*Kapiti v. Kelly*, 2008 U.S. Dist. LEXIS 64154 (S.D.N.Y. Aug. 18, 2008) .................................................4

*Kassner v. 2nd Ave. Delicatessen, Inc.,* 496 F.3d 229 (2d Cir. 2007)…………………………………..2

*Kiobel v. Royal Dutch Petroleum Co.*, 2004 U.S. Dist. LEXIS 28812, *15-17
    (S.D.N.Y. Mar. 31, 2004) ...............................................................................................................9

*Miles v. Merrill Lynch & Co. ("IPO")*, 471 F. 3d 24, (2d Cir. 2006) .......................................................19

*Moore v. Paine Webber, Inc.*, 306 F.3d 1247, (2d Cir. 2002)...................................................................21

*Myers v. Hertz Corp.*, 624 F.3d 537, n. 10 (2d Cir. 2010).........................................................................7

*Nassau County Strip Search Cases*, 461 F.3d 219, (2d Cir. 2006)..........................................................21

*Noble v. 93 Univ. Place Corp.*, 224 F.R.D. 330, (S.D.N.Y. 2004 ...............................................................9

*Oakley v. Verizon Communications Inc.*, 09 Civ. 9175, 2012 WL 335657, at *14
    (S.D.N.Y. Feb. 1, 2012) .................................................................................................................12

*Owens v. Morgan Stanley & Co., Inc.*, 1997 U.S. Dist. LEXIS 20493 (S.D.N.Y. Dec. 24, 1997)...............2

*Parker v. Columbia Pictures Indus.*, 204 F.3d 326, (2d Cir. 2000).........................................................5,6

*Perfect Pearl Co., Inc. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, (S.D.N.Y. 2012) ...............5

*Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 582 F.3d 244, (2d Cir. 2009) .............................. 5

*Rent-A-Center, Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100 (S.D.N.Y. April 9, 2003) ................... 6

*Seenaraine v. Securitas Sec. Servs. USA, Inc.*, 830 N.Y.S.2d 728 (N.Y. App. Div. 2d) ........................... 18

*Severin v. Project OHR, Inc.*, 2012 U.S. Dist. LEXIS 85705 (S.D.N.Y. June 20, 2012) .......................... 23

*Simon v. City of New York*, 2011 U.S. Dist. LEXIS 9515 (E.D.N.Y. Jan. 3, 2011) .................................... 6

*Siskind v. Sperry Ret. Program, Unysis*, 47 F.3d 498, (2d Cir. 1995) ................................................... 2

*Sterling v. Envtl. Control Bd. of City of New York*, 793 F.2d 52, (2d Cir. 1986) ................................. 2

*Trezza v. NRG Energy, Inc.*, 2008 U.S. Dist. LEXIS 15478 (S.D.N.Y. Feb. 28, 2008) ............................ 6

*Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124 (2d Cir. 2001) ............................................. 21

*Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011) .................................. 10, 12,19

*Weiss v. La Suisse, Societe d 'Assurances Sur La Vie*, 161 F. Supp. 2d 305 (S.D.N.Y. 2001) ................... 3

*White v. Western Beef Properties, Inc.*, 07 Civ. 2345(RJD)(JMA), 2011 WL 6140512, at *5
    (E.D.N.Y. Dec. 9, 2011) ................................................................................................... 13

*Wilson v. Toussie*, 2008 U.S. Dist. LEXIS 25469, * 10 (E.D.N.Y. Mar. 31, 2008) ............................... 8

## Statutes

Fed. R. Civ. P. 23(a)(2) ..................................................................................................... 11

Fed. R. Civ. P. 23(a). ....................................................................................................... 17

Fed. R. Civ. P. 23(b)(3)(A) & (D) ...................................................................................... 21

Fed. R. Civ. P. 23(c)(1) ...................................................................................................... 1

FLSA § 216(b) ........................................................................................................... 2, 3, 24

## PRELIMINARY STATEMENT

This ship has already sailed on Plaintiffs' time to file their motion for class action.

The Complaint in this matter was filed on September 28, 2012. Discovery was extended several times and ultimately closed on December 31, 2013.  Plaintiffs' instant request to convert this case into a class action at the eleventh hour of this litigation is too late and would cause undue delay and prejudice to Defendants if such a motion were granted.

Also, Plaintiffs have failed to extend discovery (that is now closed) as required by Rule 6.

Lastly, there is no legal basis for Plaintiffs to obtain Rule 23 class action certification for their FLSA claims. The named and opt-in Plaintiffs each worked different hours, and were subject to different pay structures, depending on their positions and periods of employment. As such, each class member's claims would require an individualized inquiry not appropriate for a class action. Accordingly, the Plaintiffs do not meet the standard for Rule 23 class action certification, and the instant motion must be denied.

## ARGUMENT

### POINT I
### PLAINTIFFS' CLASS ACTION MOTION IS UNTIMELY
### AND MUST BE DENIED

**1.  Plaintiffs failed to bring the instant motion at an "early practicable time" as required under Rule 23**

"Class certification is to be decided 'at an early practicable time' after the commencement of a suit." *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 215 (2d Cir. 2004). The Fed. R. Civ. P. 23(c)(1) early filing requirement seeks to ensure that "the parties may take the existence of class

claims into account as they conduct the litigation." *Owens v. Morgan Stanley & Co., Inc.*, 1997 U.S. Dist. LEXIS 20493 (S.D.N.Y. Dec. 24, 1997). "The reason for this rule is plain: fundamental fairness requires that a defendant named in a suit be told promptly the number of parties to whom it may ultimately be liable for money damages." *Siskind v. Sperry Ret. Program, Unysis*, 47 F.3d 498, 503 (2d Cir. 1995). "[A] party's failure to move for class certification until a late date is a valid reason for denial of such a motion." *Sterling v. Envtl. Control Bd. of City of New York*, 793 F.2d 52, 58 (2d Cir. 1986).

Moreover, a party must demonstrate good cause for modifying a scheduling order where the motion would necessarily affect other Court imposed deadlines. *See Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 244 (2d Cir. 2007)("[W]e hold that amendment of a pleading as a matter of course pursuant to Rule 15(a) is subject to the district court's discretion to limit the time for amendment of the pleadings in a scheduling order issued under Rule 16(b)."). [1] Further, "[i]f Rule 15(a) is considered without regard to Rule 16(b), scheduling orders could be rendered meaningless and Rule 16(b) would be rendered nugatory." *Rent-A-Center, Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100 (S.D.N.Y. April 9, 2003). Here, the Court ordered discovery to be concluded by December 31, 2013. Plaintiffs have failed to demonstrate good cause to extend discovery as required by Rule 6.

Plaintiffs seek class certification approximately a year and a half after they filed the Complaint, one (1) year after filing the Second Amended Complaint, six (6) months after the end of the FLSA § 216(b) notice period ended, and nearly two (2) months after the close of discovery. The motion is untimely and must be denied. Courts in this circuit repeatedly have

---

[1] Also, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Since Plaintiffs are unable to establish good cause or excusable neglect as set forth herein, this motion should be denied on these grounds as well.

denied motions for class certification made earlier than the motion in this case (see below cases). This Court should deny the motion in accordance with the well-established law.

In *Weiss v. La Suisse, Societe d 'Assurances Sur La Vie*, 161 F. Supp. 2d 305 (S.D.N.Y. 2001) the plaintiff filed the motion for class certification close to the end of discovery.   In denying the motion, Judge McMahon stated "[a]ssuming *arguendo* that class certification would be appropriate, [the court is] constrained to deny the motion [for class and for leave to file a class action complaint] because of plaintiffs' tardiness in making it." Judge McMahon further expressed her exasperation:

> I will not certify a belated-appearing class on the eve of trial.
> Furthermore, I cannot allow the class action to proceed without providing
> defendant with an opportunity for additional discovery, which I will not do. In
> particular, there has been no discovery on damages for members of the class. This
> Court is not prepared either to extend discovery or to bifurcate the upcoming trial
> in order to accommodate claims that could have been asserted long ago.

161 F. Supp. 2d 305, 320.

In *Cruz v. Coach Stores, Inc.*, 1998 U.S. Dist. LEXIS 18051, (S.D.N.Y. Nov. 18, 1998), rev'd on other grounds, 202 F.3d 560 (2d Cir. 2000) the plaintiff did not move for class certification until nine months after the Second Amended Complaint was filed and following the close of eight months of discovery. Judge Rakoff denied the motion stating that the motion "[was] not merely untimely but prejudicially so." *Id.* at *9.  Judge Rakoff underscored the untimeliness of the motion stating that "By so delaying, plaintiff assured that any granting of its motion would severely prejudice defendant, as well as undermine the efficiency of the judicial process. For these reasons alone, it must be denied". *Id.*

Here, Plaintiffs seek class certification more than year and a half after they filed the Complaint, one (1) year after filing the Second Amended Complaint, six (6) months after the end of the FLSA § 216(b) notice period ended, and nearly two (2) months after the close of

3

discovery. Plaintiffs' timing cannot be considered "an early practicable time" in the suit given the Complaint (which alleged class claims) was filed nearly two years ago and discovery was extended several times. Indeed, Plaintiffs ignore the extensive lacuna of inactivity before making the instant motion. Thus, Plaintiffs should have already known that they were planning on filing this request years prior to the close of discovery. In fact, as acknowledged by Plaintiffs' submission on the instant motion, they have been aware of at least six hundred other putative class members since a list of potential class members was produced in or around May 2013, yet they all sat on their hands for nearly nine (9) months before filing this motion. By filing this motion now, it violates the spirit of the law by failing to provide fundamental fairness to Defendants who were not made aware of "the number of parties to whom it may ultimately be liable for money damages" and prevents Defendants their entitlement to discovery. There is no excusable neglect for not moving sooner and the delay should not inure to the Plaintiffs' benefit and the motion must be denied. *Accord Kapiti v. Kelly*, 2008 U.S. Dist. LEXIS 64154 (S.D.N.Y. Aug. 18, 2008) (denying class certification motion as untimely when made a year after the complaint was filed and one month before close of discovery).

Granting of this motion would also be prejudicial at this late stage in the action. Not only will it delay the summation of this suit, but it will force Defendants to continue on in this action without any ability to conduct class discovery. Such a circumstance harkens to what Judge Rakoff stated in *Cruz* that "By so delaying, plaintiff assured that any granting of its motion would severely prejudice defendant, as well as undermine the efficiency of the judicial process." The delayed prejudice to defendants in *Weiss* and *Cruz* is less severe than at present here. Consequently, the instant motion must be denied.

The present motion is a stunning subversion of Defendants' right to discover facts from those who allege it has acted unlawfully.  The Defendants are at a distinct disadvantage in defending themselves against the claims of fear since the affiants knowingly denied Defendants the opportunity to depose them.  The prejudice wrought by the subversion of Defendants' right to depose the affiants constitutes bad faith that requires rejection of the affidavits that are proffered as a basis for the instant motion. It further requires dismissal of their claims. *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759 (2d Cir. N.Y. 1990). Again, Defendants are entitled to discover facts that relate to the allegations of unlawful wage payments. Plaintiffs' untimely motion six months after discovery closed robs the Defendants of their right to defend themselves and would constitute a potential windfall for plaintiff and the putative class members.  The Court must not allow such an injustice and must deny the motion.

## 2.  Plaintiffs have not established good cause to extend discovery

Even if this Court assumes that Plaintiffs moved at an "early practicable time", they have not even requested an extension of discovery for the parties to engage in class discovery. Assuming that Plaintiffs have made a request, they have not established good cause for extending the discovery deadline which has already passed.

"[A] finding of 'good cause' depends on the diligence of the moving party," *Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 582 F.3d 244, 267 (2d Cir. 2009) (quoting *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000)), meaning that "despite its having exercised diligence, the applicable deadline could not have been reasonably met." *Perfect Pearl Co., Inc. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012) (citation omitted). "[T]he good cause standard is not satisfied when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline." *Enzymotec*

*Ltd. v. NBTY, Inc.*, 754 F. Supp. 2d 527, 536 (E.D.N.Y. 2010)) (quotations omitted). In fact, where a party is aware of the facts necessary to amend his pleading prior to the expiration of the deadline to amend pleadings, he lacks diligence. *See Simon v. City of New York*, 2011 U.S. Dist. LEXIS 9515 (E.D.N.Y. Jan. 3, 2011) (J. Reyes) (denying motion to amend complaint to add claims that plaintiff knew about at the outset of the case); *Trezza v. NRG Energy, Inc.*, 2008 U.S. Dist. LEXIS 15478 (S.D.N.Y. Feb. 28, 2008) ("As he had 'all the information necessary' to support his proposed amendment from the outset of this case, it cannot be said that he acted with appropriate diligence"). Additionally "[m]istake or inadvertence will not support a finding of good cause." *Ireland v. Buckley*, 2004 U.S. Dist. LEXIS 30961 (N.D.N.Y. Nov 3, 2004). Moreover, "[i]f [a] party was not diligent, the [good cause] inquiry should end." *Rent-A-Center Inc.*, 215 F.R.D. at 104 *citing Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992). Further, good cause is not met if plaintiff was aware of information needed to support a new claim at the time he commenced suit; he learned nothing new in discovery that changed that information. *See Parker v. Columbia Pictures Indus.*, 204 F.3d at 340.

As Defendants have enumerated above, Plaintiffs pled their claims as a class action from the outset in their Complaint filed on September 28, 2012. Despite numerous extensions of the discovery deadline until December 31, 2013, Plaintiffs never even hinted that they would make the instant motion until about one (1) week before the deadline.

Additionally, any re-opening of a discovery schedule that is now closed will cause substantial prejudice to Defendants due to the expenditure of significant additional resources – resources Defendants severely lack. In fact, one of the restaurants is closing in the coming months and Defendants do not have resources to participate in additional litigation caused by a belated extension to the discovery schedule. The individual Defendants are equally in dire

financial hardship, and Defendants simply cannot afford to conduct any additional depositions or written discovery. In fact, Plaintiffs are acutely aware of Defendants' financial hardship and are now using the threat of a class action and substantially increased legal fees as an inappropriate tactic to gain leverage over Defendants in this case.

Accordingly, Plaintiffs' motion should be denied on these grounds.

## POINT II
## PLAINTIFFS ARE NOT PERMITTED TO MOVE PURSUANT TO RULE 23 FOR THEIR FLSA CLAIMS

Unlike a class action under Rule 23 of the Federal Rules of Civil Procedure, a FLSA collective action requires potential class members to affirmatively opt into the case by way of a writing filed with the court. *See* 29 U.S.C. § 216(b); *Myers v. Hertz Corp.*, 624 F.3d 537, 555 n. 10 (2d Cir. 2010), *cert denied*, 132 S. Ct. 368, 181 L. Ed. 2d 234 (2011); *Jenkins v. TJX Companies*, 853 F. Supp. 2d 317, 320 (E.D.N.Y. 2012). A FLSA collective action also need not meet Rule 23's strict requirements of numerosity, typicality, commonality and representativeness. *Jenkins*, 853 F. Supp. 2d at 320. Indeed, nothing in FLSA in fact requires certification, it is instead a recognized case management tool for district courts to employ in appropriate cases to facilitate the sending of notice to potential class members. *Myers*, 624 F.3d at 555 n. 10 (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169, 174, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989)).

Here, Plaintiffs' preliminary statement provides that the action was brought for unpaid minimum wages, overtime compensation, and unlawful tip practices pursuant to the Fair Labor Standards Act ("FLSA") as well as for minimum wage and overtime violations, unlawfully retained tips, spread of hours compensation, non-issuance of wage notice, and retaliation under

New York Labor Law ("NYLL") and N.Y. DOL Regulations Part 137 and 146 (19 N.Y.C.R.R. § 137, 146). However, nowhere else in their moving papers do they discuss certification of their FLSA claims. Further, Plaintiffs have already obtained conditional certification of a collective action for their FLSA claims. There is no other mechanism for them to seek a class action for those claims. Moreover, dozens of individuals have already sought to join the lawsuit, and hundreds more have had the opportunity to do so. Since New York Labor Law claims are nearly identical to those brought pursuant to the FLSA, any individuals who have not already opted in are still covered under the Rule 23 class certification mechanism. Thus, any motion for class certification of FLSA claims is redundant and will unduly delay resolution of this matter.

Accordingly, Plaintiffs motion for Rule 23 class certification of their FLSA claims must be dismissed.

## POINT III
## PLAINTIFFS CANNOT ESTALBISH THE REQUISITE RULE 23 ELEMENTS AND THE MOTION MUST BE DENIED

Even assuming the instant motion could be deemed timely, it must be denied because Plaintiffs cannot demonstrate the requisite elements of Rule 23(a).

### 1. The Rule 23 Class Proposed By Plaintiffs Is Overly Broad and Not Ascertainable.

"To establish that a class is ascertainable, Plaintiffs must show that its members are readily identifiable so that the court can determine who is in the class and, therefore, bound by the ruling." *Wilson v. Toussie*, 2008 U.S. Dist. LEXIS 25469, * 10-11 (E.D.N.Y. Mar. 31, 2008); *Manual for Complex Litigation (Fourth)* § 21.222 (2004) (noting that the class definition is of critical importance because it identifies persons entitled to relief, bound by the judgment and entitled to notice in a Rule 23(b)(3) action). Thus, "courts commonly examine whether a class is adequately

defined before turning to the other requirements for certification." 5 James Wm. Moore, et al., *Moore's Federal Practice*, § 23.21 [3][d] (3d ed. 2008); *Bano v. Union Carbide Corp.,* 2005 U.S. Dist. LEXIS 32595, at * 14-15 (S.D.N.Y. Aug. 12, 2005) (finding that although not expressly required by Rule 23, ascertainability is an element of class certification).

Where class membership cannot be ascertained until it is determined whether the individual at issue suffered an injury, the class is not sufficiently ascertainable. *Kiobel v. Royal Dutch Petroleum Co.*, 2004 U.S. Dist. LEXIS 28812, *15-17 (S.D.N.Y. Mar. 31, 2004); *Wilson*, 2008 U.S. Dist. LEXIS 25469, at *11 ("A class's definition will be rejected when it requires addressing the central issue of liability in a case and therefore the inquiry into whether a person is a class member essentially require[s] a mini hearing on the merits of each [plaintiffs] case.") (quoting *Noble v. 93 Univ. Place Corp.*, 224 F.R.D. 330, 341-42 (S.D.N.Y. 2004): *see also generally IPO*, 471 F.3d at 44-45 (discussing the importance of ascertainment and noting that the need for individualized determinations of class membership also supports the conclusion that individual questions will permeate the litigation).

Here, the Plaintiff defines the following proposed Rule 23 class in their certification papers as all current and former employees of any Cascabel Taqueria restaurant, excluding managers, supervisors, officers, executives, managerial or administrative personnel, and a sub-class of employees required to share in the tip pool. Plaintiff's class definition is untenable because membership in the class and sub-class are not ascertainable and the class definitions are overly broad. On its face, Plaintiffs class is defined as those individuals who were **not** paid for all hours worked due to time shaving policies, and **not** paid minimum wage or overtime due as a result. Plaintiffs also define the sub-class as those individuals whose tips were improperly withheld and for whom Defendants were not entitled to take a credit for. In order to ascertain who is a class member, the Court would be forced to conduct a

9

mini-trial with respect to each hourly employee to determine if that employee was subjected to some theoretical pressure to work off-the-clock, had their on-the-clock time altered, and did in fact allegedly work off-the-clock. Such a class definition is not sufficiently ascertainable and should be rejected. *See Wilson*. 2008 U.S. Dist. LEXIS 25469, at * 11.

### 2. Plaintiffs have failed to establish the prerequisites of Rule 23(a).

There are four elements to obtain certification of a class pursuant to Rule 23(a): (1) numerosity, (2) commonality, (3) typicality and (4) adequacy. *Cent. States Se. and Sw. Areas Health and Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 504 F.3d 229, 244 (2d Cir. 2007) (citing FED.R.CIV.P. 23(a)). Further, Rule 23 does not set forth a mere pleading standard. "A party seeking class certification must affirmatively demonstrate his compliance with the Rule." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551, 180 L. Ed. 2d 374 (2011); *see also In re Initial Public Offering Sec. Litig.*, 471 F.3d 24, 41 (2d Cir. 2006) ("[A] district judge may certify a class only after making determinations that each of the Rule 23 requirements has been met.").

### a. Plaintiffs Cannot Establish That the Class Is Numerous

Plaintiffs cannot establish numerosity. Although they contend that there are hundreds of potential class members, they have not established that any of them have actually been aggrieved by any of Defendants' policies.

Further, Plaintiffs rely on merely self-serving affidavits, which is insufficient. In fact, the Southern District has required more than self-serving affidavits stating that plaintiffs generally must provide either statistical or anecdotal evidence to prove elements of Rule 23(a) have been met. *Attenborough v. Constr. & Gen. Bldg. Laborers' Local 79,* 238 F.R.D. 82, 97-98 (S.D.N.Y.

10

2006). Lastly, each individual's claims stands on its own, and Plaintiffs cannot meet the numerosity requirement. Thus, Plaintiffs have failed to meet this requirement.

      **b.**  <u>**Plaintiffs Cannot Meet The Prerequisites Of Rule 23(a) Because They Cannot Show That There Are Claims That Enumerate Specific Questions Of Law Or Fact Common To The Putative Class or That There Claims are Typical of the Members of the Putative Class.**</u>

Rule 23(a)'s requirement of commonality requires plaintiffs to demonstrate the existence of questions of law or fact common to the class. Fed. R. Civ. P. 23(a)(2). As for the typicality "class certification is inappropriate where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation." *Baffa v. Donaldson, Lufkin & Jenretter Sec. Corp.*, 222 F.3d 52, 59 (2d Cir. 2000). The commonality and typicality requirements "tend to merge" into a single inquiry: "[W]hether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their  absence." *Dukes*, 131 S. Ct. at 2551 n.5 (*quoting Falcon*, 457 U.S. at 157 n.13).

The commonality/typicality test has traditionally been described as "easily satisfied" by a single common issue. 5 James Wm. Moore et al., Moore's Federal Practice § 23.23[2] (3d ed. 1997); see also 1 Alba Conte & Herbert B. Newberg, Newberg on Class Actions § 3.10 (4th ed. 2002) ("[T]here need only be a single issue common to all members of the class. Therefore, this requirement is easily met in most cases." (footnotes omitted)).

That said, not just any issue will suffice. "[A]ny competently crafted class complaint literally raises common questions." *Dukes*, 131 S. Ct. at 2551 (citation and internal quotation marks omitted). To obtain class certification, the plaintiff must demonstrate that "the class members 'have suffered the same injury.'" *Id.* (*quoting Falcon*, 457 U.S. at 157). "This does not

mean merely that they have all suffered a violation of the same provision of law." *Id*. Rather, the class claims "must depend upon a common contention . . . of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id*.

Plaintiffs' central argument is that Defendant's so-called policy of failing to pay minimum wage and overtime are "susceptible to generalized proof" and can "be proven through evidence of unlawful recording policies directed at FOH and BOH Workers." Further, they submit that resolving the "tip-pool related claims depends on the common resolution of whether the shift leaders were entitled to share in the tip pool."

But plaintiffs' allegation of a "common wrong" misses the point. An alleged failure to pay its employees for certain hours worked, or minimum wages and overtime is not a policy; it is the potential *result* of a policy as applied to circumstances relevant to a specific putative class member. *See Oakley v. Verizon Communications Inc.*, 09 Civ. 9175, 2012 WL 335657, at *14 (S.D.N.Y. Feb. 1, 2012) (commonality not found because so-called "policy" to "illegally" deny employees FMLA leave is "not the right kind" of common question); *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551, 180 L. Ed. 2d 374 (2011) ("Quite obviously, the mere claim by employees of the same company that they have suffered a Title VII injury, or even a disparate-impact Title VII injury," is insufficient).

Even if one concedes for argument's sake that a failure to pay wages in connection with a particular shift could constitute evidence of a "uniform policy," Plaintiffs have still failed to offer the "significant" or "convincing" proof that the Court required in *Wal-Mart v. Dukes* to demonstrate that such a policy in fact existed. *See Dukes*, 131 S. Ct. at 2548 (rejecting class certification on the ground that the plaintiffs had failed to present "significant" and "convincing"

proof of a general policy of discrimination at the class certification stage). *See also, e.g., White v. Western Beef Properties, Inc.*, 07 Civ. 2345(RJD)(JMA), 2011 WL 6140512, at *5 (E.D.N.Y. Dec. 9, 2011) (finding no significant proof of a policy to "assign managerial titles to workers who duties were for the most part not managerial for the purpose of evading the legal obligation to pay overtime); *Brinker*, 2012 WL 1216356, at *26 (plaintiff failed to present "substantial evidence of a systematic company policy to pressure or require employees to work off the clock" during their allotted meal periods). The affiants admit that the employees worked different hours and at different rates – the differing hours and rates are antithetical to the concept of uniformity that Plaintiff must demonstrate.

Plaintiffs also argue that "commonality" is present because Plaintiffs and putative class members' (including the sub-class members) claims purportedly share common questions of law and fact. The argument is insufficient and the motion must be denied.

The main thrust from *Dukes* was that a "common question" for purposes of Rule 23 is one for which the answer will result in a "classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id*. "What matters to class certification" the Supreme Court continued, "is not the raising of common 'questions' – even in droves – but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers." *Id*. (emphasis in original). *See also Salon Fad*, 2011 WL 4089902, at *5. (following *Duke*'s analysis in denying class certification). Plaintiffs have offered no basis to refute the Supreme Court's clear holding in *Dukes*. Consequently, the motion must be denied.

Many of the common questions of law and fact Plaintiff asserts are just uncontroversial statements of Federal and New York law in question form, and are really being offered to define a class essentially as those whom have valid wage and hour claims. This is circular and does not demonstrate a common question of law. *See Engel v. Scully & Scully, Inc.*, 279 F.R.D. 117, 127 (S.D.N.Y. 2011) ("Defining a class as essentially those customers who have valid FACTA claims is circular."). Assuming the answers to the "questions" stating what the law requires is "yes," that does not resolve the relevant question of whether proposed class members "have suffered the same injury." *Dukes*, 131 S. Ct. at 2551 (citation omitted). Whether each employee was in fact paid below the minimum wage and/or was owed overtime will depend on whether each employee worked the hours they claim they worked in conjunction with the varying wages that the supporting affidavits to the instant motion demonstrate that they received. These issues require a highly individualized fact-specific analysis not subject to classwide resolution.

In the case at bar, Plaintiff cannot enumerate specific questions of law or fact common to the class.  Common issues of law and fact do not exist in this case because the putative class members, according to their affidavits, worked different jobs at two different locations were paid differing rates and the hours of work differed and under allegedly different supervision.  In sum, there are more differences than similarities between the work that each employee performed and thus common issues (if any exist) are pushed to the background.  This is highlighted by Plaintiff's brief in support of their motion that establishes that they worked at different locations for different managers performing different functions at different times and at different wage rates. Consequently, the motion must be denied. In fact, Plaintiffs have acknowledged that there are separate portions of the class for FOH and BOH members, since the FOH employees received tips and were paid differently. This blatantly shows a lack of commonality, and would

require the Court to engage in a split trial to determine issues regarding two (2) separate classes, and then again on an individualized basis to determine which Plaintiffs are owed what.[2]

Plaintiff's argument that the payment methodology is common to all putative class members fails to satisfy the commonality requirement. The supporting affidavits all show differing hours and differing wage rates, whether the payments violate the minimum wage law and overtime laws is entirely dependent on each putative class members' circumstances which cannot be resolved on a class basis.

Plaintiff also urges that the proper method of calculating damages is common to all claims.  But, the proper method for calculating damages is what *Dukes* properly characterized as just another way of asking "What remedies should we get?" Such a question is "not sufficient to obtain class certification" because it does not answer whether the employer was liable in the first instance. *Dukes*, 131 S. Ct. at 2551.

Finally, Judge Block recently held that Rule 23 class actions are not appropriate for unpaid wage claims, aptly concluding that such:

> Would be more than an individualized inquiry into the amount of damages for a common injury; it would be a mini-trial on each class member's claim. The case would, in other words, unfold precisely as it would without class certification. The class-action mechanism would, therefore, achieve no "economies of time, effort, and expense."

*Enriquez v. Cherry Hill Mkt. Corp.*, 2013 U.S. Dist. LEXIS 141284 (E.D.N.Y. Sept. 30, 2013) (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 617, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997)).

---

[2] In general, an individualized inquiry is required for time shaving claims to determine how many hours went unpaid per employee. For the sub-class of tipped employees, the Court would need to individually determine by shift which employees were owed any tips and in what amount. This is a waste of the Court's resources and is impracticable.

Here, like in *Enriquez*, the only possible common issue is the liability for wage underpayments, and the merits depend on each employee's total pay and hours worked. The *Enriquez* court concluded that those individualized questions predominated over the largely incidental question of defendants' liability, and as a result, the class-action mechanism was not a superior means of adjudicating the case since "each class member would have to come forward and establish how many hours he or she worked and how much he or she was paid." *Enriquez*, 2013 U.S. Dist. LEXIS 141284 at 14-15. Here, the result would be a "mini-trial on each class member's claims," causing the class-action mechanism to achieve no "economies of time, effort, and expense." *Amchem*, 521 U.S. at 615.

Consequently, there is no legal basis for finding that Plaintiff has demonstrated the requirement "commonality" and "typicality" prongs of the Rule 23 analysis thereby requiring denial of the motion.

      **c.** **Plaintiff Cannot Represent a Class with Respect to Alleged "Time Shaving" and "Spread-of-Hours" Violations because the claims are insufficiently common or typical.**

Plaintiffs allege that Defendants violated New York State Department of Labor Regulations by failing to pay them an extra hour of wages for each day in which their hours worked exceeded ten (known as the "spread-of-hours" regulation). Plaintiffs also allege that their claims are "identical to those in the Class who had their hours adjusted so it would not accurately reflect actual time work." Plaintiffs' "spread-of-hours" and "time shaving" claims cannot be the basis of a class claim because the submission by the putative plaintiffs establish that class members are not entitled to "spread-of-hours" pay or additional pay for "time shaving".

These purported class claims must be denied because Plaintiffs have not demonstrated and cannot demonstrate that the time shaving and spread of hours claims are typical of the claims

of the class or, given the defenses described below, that they can fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). In fact, a mini-trial will have to be conducted to as to how many hours each putative class member worked in order to determine whether they were paid for all hours or subject to time shaving, and if they were even entitled to spread of hours pay.

Further, non-exempt employees, such as the named Plaintiff and putative class members whom submitted supporting affidavits for the instant motion, must receive one hour's pay at the minimum wage rate for any day in which the employee's "spread-of-hours" is more than ten hours. The relevant N.Y. Labor regulation, 12 N.Y. Comp. Codes R. & Regs. § 142-2.4(a), states that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required . . . for any day in which: (a) the spread of hours exceeds 10 hours; . . ." The "spread-of-hours" is the interval between the beginning and end of an employee's workday and includes working time plus time off for meals plus any intervals off duty. 12 N.Y. Comp. Codes R. & Regs. §§ 137-1.7; 138-2.6; 142-2.3; 142-2.4. Thus, subject to the Departments interpretation discussed below, the regulations require a maximum of one hour of additional pay, at minimum wage, in any date in which an hourly employee works more than 10 hours.

However, the New York State Department of Labor has interpreted this regulation to mean that it "does not require all employees to be paid for an additional hour, but merely that the total wages paid be equal to or greater than the total due for all hours at the minimum wage plus one additional hour at the minimum wage." Op. N.Y.S. D.O.L. RO-06-0027 (April 12, 2006). In other words, if the employee's hourly wage rate is higher than the minimum wage, and the employee's total wages paid are equal to or greater than if the employee were paid at the

statutory minimum for all hours in his/her workday, plus a one hour "spread-of-hours" payment at the minimum statutory rate, the "spread-of-hours" regulation requirement does not entitle the employee to payment of the additional hour at minimum wage. The New York D.O.L.'s interpretation has been upheld by the courts. *See, e.g., Chan v. Sung Yue Tung Corp. d/b/a 88 Palace,* No. 03-6048 (GEL), 2007 WL 313483, at *21 (S.D.N.Y. Feb. 1, 2007) ("spread-of hours" law ensures additional wage only in addition to the minimum wage, and does not entitle employee to payment of the additional hour at minimum wage. The New York D.O.L.'s interpretation has been upheld by the courts. *See, e.g., Chan v. Sung Yue Tung Corp. d/b/a 88 Palace,* No. 03-6048 (GEL), 2007 WL 313483, at *21 (S.D.N.Y. Feb. 1, 2007) ("spread-of hours" law ensures additional wage only in addition to the minimum wage, and does not entitle workers to additional payments if their total compensation is sufficiently above the minimum rate); *Seenaraine v. Securitas Sec. Servs. USA, Inc.*, 830 N.Y.S.2d 728, 729 (N.Y. App. Div. 2d Dept. 2007) (New York Department of Labor's interpretation of "spread-of-hours" regulation is entitled to deference, and pursuant thereto, plaintiff is not entitled to additional compensation because he was paid more than the compensation required by the regulation).

Here, the submission by Plaintiff shows that the claims are not typical or common of each other. Taking Ronald Cucolo as the example, he claims he worked approximately sixty (60) hours per week, five (5) or (6) days a week and was paid $5.00 per hour plus tips. The spread of hours for a particular day for him would be 10-12 hours. Under the spread of hours calculation, this would entitle him, at minimum wage, to $7.25 for 10 hours ($72.50 less a tip credit), plus an additional one hour at $7.25 to cover the "spread-of-hours" requirement, or $80.00 total pay (less the tip credit). This calculation would have to be performed for every class member. Moreover, a majority of the individuals who provided declarations in support of the instant motion do not

allege that they are even owed any spread-of-hours pay. For example, Carla Verenzuela provides that she worked 4-6 days per week for approximately 30-45 hours. Thus, she worked less than eight (8) hours per day accordingly to her own submission. Accordingly, Carla Verenzuela would not be entitled to an additional hour of pay for the "spread-of-hours"; therefore there are claims at issue that are not typical or common than others. The Court must deny class certification under Fed. R. Civ. P. 23 unless every Rule 23 requirement is met. *Miles v. Merrill Lynch & Co. ("IPO")*, 471 F. 3d 24, 41 (2d Cir. 2006). Thus, the class claims with respect to the alleged "spread-of-hours" violation must be denied. *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (plaintiff seeking class certification must affirmatively demonstrate that in fact each and every Rule 23 element has been established); *Myers*, 624 F.3d 537, 550-52 (2d Cir. 2010) (class certification requirements must be met as to all "factual and legal issues").

Consequently, a class action for the time shaving and spread of hours claims is inappropriate and must be denied.

### 3. Plaintiffs' and their counsel are not adequate representative of the other members of the class

Federal Rule of Civil Procedure 23(a)(4) requires that in a class action, "the interests of the class" must be "fairly and adequately protect[ed]." Fed. R. Civ. P. 23(a)(4). To ensure that all members of the class are adequately represented, district courts must make sure that the members of the class possess the same interests, and that no fundamental conflicts exist among the members. *In re Literary Works*, 654 F.3d at 249; *see also Denney v. Deutsche Bank AG*, 443 F.3d 253, 268 (2d Cir. 2006). Further, Rule 23(g) orders the district court to consider four particular indicators of adequacy. It provides also that the district court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. Rule Civ. Proc. 23(g)(1)(B). Additionally, this inquiry in part, considers the competency of

class counsel and the existence of conflicts that might impair its representation. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 626 n.20, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997).

Here, there are questions concerning the adequacy of representation.[3] Recently, Plaintiffs' counsel was recommended to the grievance committee by the Eastern District of New York for failing to disclose material information regarding their attorneys' fees when applying to the Court for approval of an infant settlement. *C.M. v. Syosset Cent. Sch. Dist.*, 2013 U.S. Dist. LEXIS 166529 (E.D.N.Y. Nov. 22, 2013). In addition, Plaintiffs' counsel was also named as a defendant in a matter alleging breach of fiduciary duty, where they failed to disclose the specific terms of their financial agreement with the defendant's employer, thus creating a conflict of interest. *Johnson, et al. v. Nextel Communications Inc., et al*, 07-CV-08473 (GBD)(KNF) (SDNY). The matter is currently this matter is pending.

These two (2) cases should be considered by the Court in determining the adequacy of representation.

## POINT IV
## PLAINTIFFS CANNOT ESTABLISH FRCP 23(b)(3)'s STANDARD

Plaintiffs are seeking class certification under FRCP 23(b)(3). Under this section, Plaintiffs are also required to establish that: (1) the common questions of fact or law predominate over questions affecting individual class members; and (2) a class action is superior to other methods of adjudication. This requirement is "far more demanding" than the commonality and typicality requirements under FRCP 23(a). *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623-624 (1997). These requirements seek to identify cases "in which a class action would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons

---

[3] Defendants do not bring these issues to the Court's attention lightly or in an effort to slander Plaintiffs' counsel. Rather, Defendants have a duty to inform the Court so it can be adequately informed in rendering its decision.

similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Id.* at 615 (citation, internal quotation marks and alteration omitted). Plaintiffs cannot demonstrate satisfaction of the more demanding elements of the Rule 23(b)(3) standard and the motion must be denied.

**1.  Common Questions Of Law Or Fact Would Not Predominate.**

The Rule 23(b)(3) predominance requirement "is more demanding than the commonality requirement under Rule 23(a)." *Moore v. Paine Webber, Inc.,* 306 F.3d 1247, 1252 (2d Cir. 2002). Predominance "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Id.* "[A]n issue is common to the class when it is susceptible to generalized, class-wide proof." *In re Nassau County Strip Search Cases*, 461 F.3d 219, 227 (2d Cir. 2006). "[T]o meet the predominance requirement of Rule 23(b)(3), a plaintiff must establish that the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole . .. predominate over those issues that are subject only to individualized proof." *In re Visa Check/MasterMonev Antitrust Litig.*, 280 F.3d 124, 136 (2d Cir. 2001) (internal quotation marks and citation omitted). Matters pertinent to superiority include the class members' interests in individually controlling the prosecution of separate actions and the likely difficulties in managing the class action. Fed. R. Civ. P. 23(b)(3)(A) & (D). Accordingly, class certification will be denied where the fact-finder would need to establish liability by reviewing "individualized proof" or engaging in "a series of mini-trials" for each putative class member's claim. *See Dauphin v. Chestnut Ridge Transp., Inc.*, 2009 U.S. Dist. LEXIS 74483, *12-14 (S.D.N.Y. Aug. 20, 2009); Moore, 306 F.3d at 1253.

Here, the Plaintiff contends that the central and predominate issue in this case is whether Defendants maintained a policy that uniformly denied minimum wage and overtime payments to their employees, under a variety of theories (*inter alia*, time shaving and improper reduction of tip credit).

According to Plaintiff, a class action is the superior method of adjudication because if this issue is not tried in a single forum, the result is numerous individual actions. Plaintiffs' use of the term "policy" incorrectly implies that they have identified a practice or rule that is uniformly applied to all putative class members; they has not. Rather, they provide cookie cutter affidavits that themselves establish that they worked in different store locations under allegedly different management at different times performing different tasks receiving different rates of pay. A case-by-case approach is required.

A similar argument was rejected in *Alix v. Wal-Mart Stores, Inc.*, 57 A.D.3d 1044 (N.Y. App. Div. 3d Dep't 2008), and the court's analysis is instructive. In *Alix*, the plaintiffs sought certification of a class action lawsuit for violation of New York Labor Law.[4] The plaintiffs claimed that company policy discouraged overtime, yet employees were expected to complete their tasks and disciplined for failing to do so and that this "set the stage for routine 'off the clock' hours." *Id.* The court held that plaintiffs failed to meet the predominance requirement for class certification. *Id..* The court reasoned that "[w]hile proof of this atmosphere of unrelenting pressure to cut payroll costs may be relevant, it primarily serves as a backdrop to the fact-specific inquiries that must, of necessity, occupy center stage." *Id.* As the court explained, in order to establish a prima facie case of violation of New York Labor Law, "plaintiffs must adduce specific evidence as to which associates worked 'off the clock,' on what occasions, and for how long . .. [and] that defendant either knew or had reason to know that its employees were thus engaged.". As the court concluded,

> [P] roving the essential elements of the alleged Labor Law violations will inescapably require individualized inquiry. Not all hourly associates worked without proper compensation, and the circumstances under which any associate did work "off the clock" or was deprived of premium pay for overtime cannot be established by vague generalizations. Regardless of whether defendant created, as a result of broadly applicable policies, the conditions under which uncompensated or undercompensated work may have been performed and even if constructive

---

[4] *Alix* applied New York class action law which, similar to Rule 23(b)(3), requires that "questions of law or fact common to the class ... predominate over any questions affecting only individual members." *Id.* While a state court case, the appellate court's analysis of state law is compelling.

knowledge of such activities could be inferred on a class-wide basis, each scenario in which an hourly associate may have been deprived of earned wages would be unique. As a result, ***defendant's liability to any aggrieved litigant can only be established by the proof of facts specific to that individual plaintiff***. Thus, it cannot be said that the common factual questions predominate over those which affect only individual members of the proposed class

*Id.* at 896 (bold emphasis added).

Assuming *arguendo* that Plaintiffs could prove that they were not paid lawfully, such a finding has no import to a hypothetical claim for unpaid wages by another employee who worked at a different store performing different functions under different management receiving a different rate of pay at differing times from Plaintiffs' employment. Thus, Plaintiff has failed to establish the predominance requirement. Furthermore, the need for numerous individualized determinations with respect to every putative class member (to determine liability under New York Labor Law) makes Plaintiffs' proposed class action unmanageable, and hence a class action is not superior to other methods of adjudication.

For the same reasons as in *Alix,* Plaintiffs have failed to establish the Rule 23(b)(3) predominance and superiority requirements and therefore the motion for Rule 23 class certification should be denied. *Severin v. Project OHR, Inc.*, 2012 U.S. Dist. LEXIS 85705 (S.D.N.Y. June 20, 2012)(denying Rule 23 class for New York Labor Law claims). Frankly, it is laughable that Plaintiffs would assert that a class action is superior to any other mechanism to decide these claims. Even if Defendants conceded that they owed one of the named Plaintiffs $5,000, each class member would have to come forward and establish how many hours he or she worked and how much he or she was paid. Under the exact same circumstances, the Eastern District denied certification of a Rule 23 class action. *Enriquez v. Cherry Hill Mkt. Corp.*, 2013 U.S. Dist. LEXIS 141284 (E.D.N.Y. Sept. 30, 2013) (holding that it would require more than an

individualized inquire not the amount of damages for a common injury; it would be a mini-trial on each class member's claims).

Additionally, Plaintiffs already have dozens of individuals participating in the FLSA collective action. The collective action is an adequate means of resolving the claims, especially since the NYLL claims are nearly identical. Moreover, those that wanted to participate in the suit are already opted-in. For Plaintiffs to now attempt to have a class certified is like "kicking a dead horse."

Accordingly, Plaintiffs have failed to meet the Rule 23(b) standard.

## CONCLUSION

Rule 23(c)(1) requires motions for class certification to be filed as "early as practicable". In cases with less severe facts than at issue here, courts have repeatedly denied class certification. Here, Plaintiffs have moved for class certification more than a year and a half after they filed the Complaint, one (1) year after filing the Second Amended Complaint, six (6) months after the end of the FLSA § 216(b) notice period ended, and nearly two (2) months after the close of discovery.  By making this motion well after discovery has closed, the putative class members have deprived Defendants a meaningful ability to conduct class discovery and potentially resolve the dispute.  Their conduct represents an egregious circumvention of civil procedure for which they must not benefit. Defendants would be subjected to a stunning deprivation of due process if the motion were to be granted. Consequently, this Court, respectfully, must not be accomplice to Plaintiff's bad faith conduct and the motion must be denied.

Aside from the prejudicially untimeliness of the motion, it fails independently because Plaintiffs have also failed to satisfy Rule 23(b)'s requirement that the class action is    superior

method of adjudicating the claim.  Since discovery ended two (2) months ago, granting the

motion would in essence give new life to the class member claims.

**MILMAN LABUDA LAW GROUP PLLC**

/s/_____
Joseph M. Labuda
Matthew A. Brown