# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**

---

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

† Also admitted in New Jersey

Author: Joseph M. Labuda – Member †
Direct E-Mail Address: joe@mllaborlaw.com
Direct Dial: (516) 303-1380

## Via ECF

October 21, 2014

Hon. Paul A. Crotty, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl St., Chambers 735
New York, NY 10007-1312

Re:   **Saravia et al. v. 2799 Broadway Grocery LLC et al.**
      **12 CIV 07310 (PAC)**
      **Our File No.: 148-2013**

Dear Judge Crotty:

This firm represents the Defendants in the above referenced matter. This letter shall serve as Defendants' response to Plaintiffs' request for a discovery conference dated October 16, 2014. Defendants' ad seriatim response to each individual issue raised by Plaintiffs is as follows:

## Document Requests

Plaintiffs claim that Defendants have made overly broad, unduly burdensome and harassing requests. However, Plaintiffs do not specifically discuss why any of the requests for such documents are inappropriate, only listing them and requesting relief. These documents are relevant for the following reasons:

Requests Nos. 18 – 22: Cell Phone Records, E-Z Pass statements, Gym memberships, Personal E-mails, and Personal Computer Logs

These requests are highly relevant because the documents may indicate that Plaintiffs were not working during the times that Plaintiffs claim to have worked for Defendants. See *Navarrete v. Fletcher Street Café, Ltd.*, 09-Civ-7523 (BSJ)(JCF) (S.D.N.Y. June 10, 2010) (copy annexed hereto as **Exhibit "A"**) (Court ordered "Plaintiff [to] produce (and defendants may subpoena) plaintiff's cell phone records during his period of employment, provided the telephone numbers called are redacted). It is Defendants' position that Plaintiffs were not, in fact, working for Defendants during the time that they used their cell phones, were sending e-mails, using E-Z

passes, at the gym, on their personal computers. Further, Defendants had a no cell phone policy during working hours for Plaintiffs. Furthermore, Rule 26(b)(1) permits discovery "regarding any non-privileged matter that is relevant to any party's claim or defense." This rule "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978). Accordingly, these documents are certainly relevant to Plaintiffs' claims and Defendants' defenses concerning the amount of hours that Plaintiffs' worked for Defendants.

### Request No. 23: Bank Records

This request is relevant since these documents reflect the total amount Plaintiffs earned (whether from Defendants or other sources) during their employment, and amounts of such earnings they spent. These documents bear upon wages earned while Plaintiffs' worked for other employers, and thus were not working for Defendants. Moreover, any privacy concerns can be addressed with a confidentiality order. District courts in this Circuit have found that privacy concerns relating to subpoenaed bank records can be adequately protected by a confidentiality order. See *Iglesias-Mendoza v. La Belle Farm, Inc.*, 2008 U.S. Dist. LEXIS 47431, at *3 (S.D.N.Y. June 12, 2008) (concluding that subpoenas for defendants' bank records in FLSA action "should be enforced with an appropriate confidentiality order"); *Conopco, Inc. v. Wein*, 2007 U.S. Dist. LEXIS 53314, at *5 (S.D.N.Y. July 23, 2007) (finding that defendant's privacy interests in her subpoenaed bank records "can be protected by a variety of means, most notably the Confidentiality Order entered in this action"). Thus, Plaintiffs should be required to provide complete responses to these requests.

### Request No. 27: Social Network Profiles

These documents are highly relevant social networking websites may contain relevant information as to Plaintiffs' periods of employment, hours worked, and job duties. This information could include admissions by Plaintiffs about their work at Defendants or at other places during relevant times.

### Request Nos. 28, 30: Plaintiffs' attempts to obtain employment; Resumes or Job Applications

These documents are relevant as to Plaintiffs' statements to subsequent prospective employers as to the terms and conditions of their employment with Defendants, including, but not limited to, dates of employment, positions, job duties, hours worked and pay received. To the extent that any job applications and resumes for prospective employers contains such information, it is probative to the claims at issue. In fact, employees in FLSA matters have been ordered to produce such documents. See *Navarrete v. Fletcher Street Café, Ltd.*, 09-Civ-7523 (BSJ)(JCF) (S.D.N.Y. June 10, 2010) (copy annexed hereto as **Exhibit "A"**) ("Plaintiff shall produce all documents relating to any applications for employment made after plaintiff began working for defendant).

### Request No. 32: Calendars, Diaries, or Notes of Events

These documents will provide, in pertinent part, Plaintiffs' accounting of their periods worked, hours worked and pay received during their employment. Such documents may also

provide probative evidence as to other activities which Plaintiffs were engaged in during the times they may claim to have been working. Accordingly, Defendants requests are appropriate and necessary in defending Plaintiffs' claims. Thus, Plaintiffs request for sanctions for a purported "false certification" pursuant to Rule 26(g)(3) is unwarranted and must be denied.

## Interrogatories

Plaintiffs also object to the mere fact that Defendants served interrogatories, claiming that the Court did not authorize such discovery. Plaintiffs further argue that they only intended to allow document demands when conferring on the class discovery schedule. However, the letter requesting that Your Honor so order the discovery schedule, which Plaintiffs approved, specifically provides the deadlines for "discovery requests." Such discovery requests, include but should not be limited to document requests, as in the discovery of the named Plaintiffs. Responding to these requests for only two (2) individuals is hardly burdensome to Plaintiffs.

## Depositions

a & b) Defendants withdraw their request to depose Rachel Brill, Kyle Martin and Blair Harrel. Instead, Defendants will depose Anthony Martinez and Sherri Hirschenboim.

c) Plaintiffs' argument that depositions should be held somewhere in Manhattan is not supported by any fact or law, and they did not raise this issue prior to submitting their correspondence requesting a discovery conference. In fact, Plaintiffs do not provide where the individuals who Defendants' have requested to depose reside, only claiming that the vast majority live in New York City (without even providing which boroughs specifically).

Moreover, the Federal Rules of Civil Procedure, including Rule 30, contain no restrictions on the location of party depositions. In fact, courts routinely hold that the party noticing the deposition has the right to choose the location. *See Zamboni v. Pepe West 48th Street LLC,* 12-Civ.-03157 (S.D.N.Y. February 5, 2013); (AJN)(JCF) document 32 (copy annexed hereto as **Exhibit "B"**) ("Depositions shall be held in the offices of counsel noticing the depositions unless otherwise agreed"); *Toussie v. County of Suffolk,* 2006 U.S. Dist. LEXIS 47511, at * 6 (E.D.N.Y. July 13, 2006) ("As a general rule, the party noticing the deposition usually has the right to choose the location."); *Buzzeo v. Bd. of Educ., Hempstead,* 178 F.R.D. 390, 392 (E.D.N.Y. 1998). As such, Defendants exercised their right by scheduling the depositions to take place in Defendants' counsel's office.

Additionally, all previous depositions of Plaintiffs were conducted at the office of Defendants' counsel without any objection. Further, Defendants' depositions and an informal all-day mediation were also conducted at the office of Plaintiffs' counsel which is in Nassau County, approximately four (4) miles for Defendants' counsels' office. In addition, the Courthouse is only 20.26 miles from this office. Additionally, this office is easily accessible via public transportation through either: (1) the Long Island Railroad (Great Neck or New Hyde Park stations); or (2) the N26 or QM6 MTA bus. In addition, Plaintiffs' counsel maintains its main offices in Nassau County, only a few miles from the office of Defendants' counsel. Finally, Plaintiffs' attorneys' fees will only increase if depositions are conducted in New York City. Defendants should not be saddled with that potential additional cost if Plaintiffs' prevail in this matter.

Accordingly, Defendants respectfully request an order compelling Plaintiffs to appear at Defendants' counsel's office for their depositions.

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

/s/ Joseph M. Labuda, Esq.

cc: Daniel Markowitz, Esq. (via ECF)
Client (via e-mail)

# EXHIBIT A

```
UNITED STATES DISTRICT COURT              (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
ALEJANDRO NAVARRETE,                  : 09 Civ. 7523 (BSJ) (JCF)
                                      :
              Plaintiff,              :     O R D E R
                                      :
     - against -                      :
                                      :
FLETCHER STREET CAFÉ, LTD., d/b/a     :
THE BEST OF NEW YORK FOOD &           :
ALI ZINDANI, jointly & severally,     :
                                      :
              Defendants.             :
- - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/10/10

A pretrial conference having been held by telephone on June 10, 2010, it is hereby ORDERED as follows:

1. All discovery shall be completed by August 14, 2010.

2. The pretrial order shall be submitted by September 15, 2010 unless any dispositive motion is filed by that date. If such a motion is filed, the pretrial order shall be due thirty days after the motion is decided.

3. Counsel have resolved any dispute concerning the form of production of plaintiff's documents.

4. Defendants' request for information concerning plaintiff's immigration status is denied. The nexus between such information and plaintiff's credibility concerning his wages and hours is tenuous. On the other hand, the possibility of dissemination of such information risks deterring legitimate FLSA claims.

5. Plaintiff shall produce (and defendants may subpoena) plaintiff's cell phone records during his period of employment, provided the telephone numbers called are redacted.

1

6. Plaintiff shall produce all documents relating to any applications for employment made after plaintiff began working for defendant.

7. Plaintiff shall respond to defendants' discovery request for documents relating to money allegedly stolen from defendant.

SO ORDERED.

*James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         June 10, 2010

Copies mailed this date:

Justin A. Zeller, Esq.
The Law Office of Justin A. Zeller, P.C.
11 East Broadway, Suite 9C
New York, New York 10038

Jamie S. Felsen, Esq.
Joseph M. Labuda, Esq.
Milman Labuda Law Group, PLLC
3000 Marcus Avenue, Suite 3W3
New Hyde Park, New York 11042

2

# EXHIBIT B

```
UNITED STATES DISTRICT COURT                    (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - :
COSMIN ZAMBONI, on behalf of          : 12 Civ. 3157 (AJN) (JCF)
himself and others similarly          :
situated,                             :       O R D E R
                                      :
                Plaintiff,            :
                                      :
      - against -                     :
                                      :
PEPE WEST 48TH STREET LLC, d/b/a      :
LA MASSERIA, PEPPE IUELE, ENZO        :
RUGGIERO, and PINO COLADONATO,        :
                                      :
                Defendants.           :
- - - - - - - - - - - - - - - - - - - :
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/5/13

Counsel having submitted letters presenting discovery disputes, and a pretrial conference having been held by telephone on February 5, 2013, it is hereby ORDERED as follows:

1. A hearing will be held on February 21, 2013 beginning at 1:00 p.m. to consider plaintiffs' application that defendants be precluded from coercive communications with potential opt-in plaintiffs. Counsel shall contact chambers the day prior to determine where the hearing will be held.

2. Defendants' request that plaintiffs be required to produce their tax returns is denied, as defendants have not overcome the quasi-privilege that applies to such documents.

3. Plaintiffs shall produce any applications for unemployment benefits relating to their employment for defendants, as such

1

records are likely to reflect plaintiffs' statements about hours worked for defendants.

4. Plaintiffs' request that defendants be required to produce payroll records prior to 2009 is denied. At present, the opt-in plaintiffs are deemed only to have asserted FLSA claims with a three-year statute of limitations. This determination will be revisited if the complaint is amended to assert state claims and/or class certification relating to such claims is granted.

5. Depositions shall be held in the offices of counsel noticing the depositions unless otherwise agreed.

6. Plaintiffs shall move for class certification by March 22, 2013. Defendants shall answer by April 12, 2013, and plaintiffs shall reply by April 19, 2013.

7. Discovery shall be completed within 30 days of the decision on the class motion if certification is denied or, if it is granted, within 30 days of the end of the opt-out period.

8. The pretrial order shall be submitted within 30 days of the completion of discovery unless any dispositive motion is filed by that date. If such a motion is filed, the pretrial order shall be submitted 30 days after the motion is decided.

SO ORDERED.

*/s/ James C. Francis IV*

JAMES C. FRANCIS IV
UNTIED STATES MAGISTRATE JUDGE

Dated: New York, New York
       February 5, 2013

Copies mailed this date:

D. Maimon Kirschenbaum, Esq.
Denise Andrea Schulman, Esq.
Joseph, Herzfeld, Hester & Kirschenbaum
233 Broadway, 5th Floor
New York, NY 10017

Joseph M. Labuda, Esq.
Milman Labuda Law Group, PLLC
3000 Marcus Ave.
Suite 3W3
New Hyde Park, NY 11042