# LEEDS BROWN LAW, P.C.

One Old Country Road, Ste. 347
Carle Place, NY 11514
(516) 873-9550

_____ *Attorneys at Law* _____

October 16, 2014

**Via Email**

Hon. Paul A. Crotty
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

*[Handwritten notes from Judge:]*
10/22/2014
(1) The document requests are overbroad, and so are denied, except that plaintiff must produce documents responsive to requests 28, 30, 32.
(2) The request for interrogatories is denied. (But the meeting of Hirschensohn deposition will take place in plaintiff's law office.)
So ordered.
Paul A. Crotty   USDJ

Re:   <u>Gustavo Saravia, Ronald Cucolo, and Omar Morales Aguilar; on behalf of themselves and others similarly situated v. 2799 Broadway Grocery LLC d/b/a Cascabel Taqueria; 301 East 80th Grocery LLC d/b/a Cascabel Taqueria; and/or any other entities affiliated with, controlling, or controlled by 2799 et al v. 2799 Broadway Grocery LLC d/b/a Cascabel Taqueria; 301 East 80th Grocery LLC d/b/a Cascabel Taqueria and/or David Chiong; Elizabeth Gaudreau individually</u>

Case No. 12-cv-7310 (PAC)(GWG)

Dear Judge Crotty,

We represent Plaintiffs and the putative class in the above-referenced matter. At the last conference, upon the urging of Defendants, Your Honor reopened discovery on a limited, expedited basis. A discovery schedule was agreed to by the parties, but there is presently a dispute concerning the discovery demands and notices of deposition Defendants served. On October 3, Plaintiffs emailed the following concerns to Defendants and requested to speak with them. We followed up twice and finally got an unresponsive email last night. I called and spoke with Matthew Brown regarding these issues today, October 16, and Defendants have refused to retract or modify their discovery demands or requested depositions. Thus, Plaintiffs request a discovery conference with Your Honor to discuss the following issues, and if necessary, to be granted permission to move for a protective order:

**1) Overbroad Document Requests**: Defendants' document requests are overbroad and should be limited pursuant to FRCP 26(b)(3)(C). Our understanding for the limited discovery was that Plaintiffs would produce all the documents relating to the employment of the three class members Defendants selected to depose. Instead, Defendants made overly broad, unduly burdensome, and harassing requests, such as:

18. Any and all documents that refer or relate to any cellular phone that Plaintiffs used during the hours of their employment with Defendants, including but not limited to bills, invoices, itemized call logs, and itemized text messages.

19. All of Plaintiffs' personal E-Z Pass statements.

20. All documents from any gym or fitness center establishing the times that Plaintiffs arrived.

21. All personal e-mails sent by Plaintiffs during the hours that they were allegedly working.

22. All documents that establish the times at which Plaintiffs logged onto their personal computer.

23. All bank records into which Plaintiffs deposited any monies.

27. Electronic copies of Plaintiffs' complete profile on any and all social network websites, including but not limited to Facebook, Friendster.com, MySpace.com, linkedin.com, Monster.com including all updates, pictures, changes, or modifications to Plaintiffs' profile, and all status updates, messages, wall comments, causes joined, groups joined, activity streams, blog entries, details, blurbs, comments, applications, job applications filed, and resume postings for the period from 2008 to the present. To the extent electronic copies are not available, please provide the documents in hard copy form.

28. All documents that refer or relate to Plaintiffs' attempts to obtain employment with any employer from 2008 through the present including resumes and employment applications submitted and information pertaining to Plaintiffs' salary and schedule while working for Defendants.

30. Any resume or job application which Plaintiffs submitted to any employer after Plaintiffs' employment with Defendants ended.

32. Any and all documents, calendars, diaries, or notes of events maintained by Plaintiffs from 2008 through the present.

These requests, and many others, are inappropriate and unnecessary. Defendants' counsel certify, when making the discovery request, that the requests were "neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action." FRCP 26(g). We believe this certification is false and sanctions may be appropriate. FRCP 26(g)(3).

**2) Interrogatories**: Defendants served interrogatories. During the conference, Your Honor specifically asked Defendants what discovery they wanted. Defendants did not mention interrogatories, and it is Plaintiffs understanding that Your Honor did not authorize Defendants to serve interrogatories. Plaintiffs understanding is that Defendants wanted documents from three people and those depositions. In creating the discovery schedule, all that we intended to allow was document demands. Since there was going to be a deposition, any questions could be

posed then. We request that Your Honor clarify whether Defendants have the right to have Interrogatories.

**3) Depositions**: As explained below, Defendants requested one person that they already had an opportunity to depose and two people that are <u>not</u> class members. The stated purpose for the discovery was because the class was certified. Defendants provided these names after the date agreed upon and still have yet to provide alternative names. For this reason, Defendants should be denied the opportunity for further discovery.

    The people Defendants have selected for deposition:

a) Rachel Brill - Plaintiffs understanding is that Your Honor reopened discovery a limited basis for Defendants to depose new class members that they had not previously had a chance to depose before because that had not previously opted-in and thus just became part of the class when Your Honor granted Rule 23 class action status. Rachel Brill was one of the original opt-ins whom Defendants had a chance to depose already and chose not to. I have to assume it is not random that because she is now the Named Plaintiff in the state action against Gerald Shallo that Defendants suddenly want to depose her now. Plaintiffs take the position that they should not have to produce Rachel Brill as Defendants should not have a second bite at the apple.

b) Kyle Martin and Blair Harrel - Both Kyle and Blair were listed on Defendants' Interrogatory responses and the class list produced by Defendants as "management". No other positions are listed on the class list categorizations for these individuals. As such, they are not part of the class and we do not represent these people. Defendants are welcome to depose them - we feel it is not proper for us to reach out to them to participate in discovery as they are not part of the class. We do not object is Defendants want to send them a subpoena.

c) We would like the depositions to be held somewhere in Manhattan as this case involves two Manhattan restaurants, is in the SDNY, and the vast majority of the class members live in NYC.

For the reasons above, Plaintiffs respectfully request a discovery conference as soon as practicable.

                                                    Respectfully Submitted,

                                                    _____/s/_____
                                                    Daniel Markowitz, Esq.

cc:    All Counsel of Record (via email)