```
                     UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF NEW YORK

In re:                                   :
                                                Docket #12cv7310
SARAVIA, et al.,                         :

               Plaintiffs,               :

   - against -                           :

2799 BROADWAY GROCERY, LLC, et al.,      : New York, New York
                                           September 5, 2014
               Defendants.               :

--------------------------------------- :

                         PROCEEDINGS BEFORE
                    THE HONORABLE PAUL A. CROTTY
                  UNITED STATES DISTRICT COURT JUDGE

APPEARANCES:

For the Plaintiffs:      MILMAN LABUDA LAW GROUP PLLC
                         BY:  JOSEPH LABUDA, ESQ.
                         3000 Marcus Avenue, Suite 3W8
                         New Hyde Park, New York  11042

For the Defendants:      LEEDS BROWN LAW PC
                         BY:  RICK OSTROVE, ESQ.
                              DANIEL MARKOWITZ, ESQ.
                         One Old Country Road, Suite 347
                         Carle Place, New York  11514




Transcription Service:   Carole Ludwig, *Transcription Services*
                         141 East Third Street #3E
                         New York, New York 10009
                         Phone:  (212) 420-0771
                         Fax:  (212) 420-6007

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.
```

**INDEX**

**E X A M I N A T I O N S**

| **Witness** | **Direct** | **Cross** | **Re-Direct** | **Re-Cross** |
|---|---|---|---|---|
| None | | | | |

**E X H I B I T S**

| **Exhibit Number** | **Description** | **ID** | **In** | **Voir Dire** |
|---|---|---|---|---|
| None | | | | |

```
                                                                    3
  1
  2              THE CLERK:  Your Honor, this is the matter of
  3   Gustavo Saravia, et al., versus 2799 Broadway Grocery, LLC,
  4   docket number 12cv7310.  Counsel for plaintiff please state
  5   your appearance.
  6              MR. RICK OSTROVE:  For the plaintiffs, Rick Ostrove
  7   and Dan Markowitz from Leeds Brown Law.
  8              HONORABLE PAUL A. CROTTY (THE COURT):  Okay.
  9              MR. JOSEPH LABUDA:  And good morning, Your Honor,
 10   Joseph Labuda, Milman Labuda Law Group for the defendants.
 11              THE COURT:  Okay.  All right, do you want to bring
 12   me up to date?
 13              MR. OSTROVE:  Where we are is that class
 14   certification occurred in May, we subsequently held a
 15   settlement conference which was unsuccessful.  And we have not
 16   sent out class notification yet because we're waiting for the
 17   class list still from the defendants. And other than that we
 18   think we're, we need a pretrial order and we're ready to try
 19   the case, Your Honor.
 20              THE COURT:  Okay.  Mr. Labuda, what about the
 21   information needed for the class notice?
 22              MR. LABUDA:  We can provide that within, I think we
 23   have basically provided all the names and addresses of
 24   everybody because this has been a collective action as well,
 25   so we sent out, we provided the list for the names and
```

                                                                4

2  addresses of everybody. But we can provide the list just to
3  make sure that everybody is on that one within the next two
4  weeks.
5           THE COURT:  Okay.  How does that suit you,
6  plaintiffs?
7           MR. OSTROVE:  That's fine.
8           THE COURT:  Okay.  And then what has to be done
9  after you, Mr. Labuda, do you have something to say?
10          MR. LABUDA:  Well I was going to say I think the
11 next step would be for us to probably take a small sampling of
12 the class members in terms of depositions maybe some document
13 demands from a sampling of individuals.
14          THE COURT:  Okay, that seems reasonable, does it
15 seem reasonable to the plaintiffs?
16          MR. OSTROVE:  My understanding was that discovery
17 was closed at this point. I mean he had an opportunity, we had
18 54 opt-in plaintiffs as it was and he didn't even take all the
19 depositions that were authorized by Your Honor back then,
20 we're kind of looking to move forward with this.
21          THE COURT:  Well it won't take that long and my
22 recollection is that the -- I reread my order on the class,
23 one of the objections was it was a little bit tardy, you said,
24 oh, no, it can be done at any time. So within, let's see,
25 you're going to provide the names for the class action notice,

```
                                                                 5
 1
 2   today is the 5th, you'll do that by when, Mr. Labuda?
 3             MR. LABUDA:  By the 19th.
 4             THE COURT:  The 19th, okay.  And then how long will
 5   it take you to get out the notice?
 6             MR. OSTROVE:  A few weeks.  We're going to have a
 7   claims administrator send it out so I'd have to check with
 8   them. Typically it takes two, three weeks.
 9             THE COURT:  And after that how many depositions do
10   you want, Mr. Labuda?
11             MR. LABUDA:  I'd probably say like three.
12             THE COURT:  That won't take long at all, will it?
13             MR. LABUDA:  No, it won't take too long.  You know,
14   the only issue is we also have to get, you know, documents
15   from those individuals as well.
16             THE COURT:  What documents?
17             MR. LABUDA:  Well in this case there's an issue with
18   respect to the hours that they were working and I know Your
19   Honor had bifurcated the class in terms of liability and
20   damages.
21             THE COURT:  Yeah.
22             MR. LABUDA:  But we need to get the, we'd need to
23   get let's say any type of payroll records from those
24   individuals, if they have like calendars, in this case I know
25   that the plaintiffs, the class members have produced certain
```

                                                                         6
like time chits saying that they don't match up with the hours
that they were actually paid for. So those are I think the
main documents that we're going to necessarily need in this
case, it's more so the time chits if they have any.
            THE COURT:  What do you have to say?
            MR. OSTROVE:  I'm a bit -- are you looking to take
discovery from people that didn't opt in in 216(B) but now are
becoming class members since it was certified?
            MR. LABUDA:  You know, Your Honor, as you may
recall, as you noted, we did object on the basis of time
limits that, in fact, discovery was over.  Obviously that was,
you know, the Court ruled that they were allowed to have a
class.  Now we're talking about a whole different animal here
in terms of collective action versus class action and we're
entitled to take some class discovery.  I mean class --
discovery had ended previously, you know, we didn't think that
it was appropriate to have a class, you guys, the plaintiffs
decided to move for a class action after discovery was over,
we believe that we have the right to do that.  And I think the
Court has indicated that in fact we can take some class
discovery of a few individuals.
            THE COURT:  No, but it has to be reasonable in terms
of scope and duration and recognition of the fact that you did
have an opportunity to take, there is a significant overlap

```
                                                              7
 2  between the collective action and the class action, correct? I
 3  mean different theories of liability, that's really what the
 4  class action is for.
 5            MR. LABUDA:  Different theories of liability and --
 6            THE COURT:  But the hours, the people are
 7  essentially the same, the hours are essentially the same?
 8            MR. LABUDA:  Not necessarily, but the other thing
 9  too is that you're talking about a particular, whenever
10  there's a class action, there's a much, much broader breadth
11  of liability that exists, you know, with the collective
12  actions people have to, if they're going to participate in the
13  case they have to actually go in and testify about those
14  particular situations.  And this, in this case with respect to
15  at least part of the claim, you know, the individuals, the
16  class members, they don't have to participate at all, it's
17  just a matter of if there is determined liability it's just a
18  matter of arithmetic of what these particular people are owed.
19  And so the potential monetary damages that my client might
20  have to pay has just been exponentially increased. And so we
21  decided at the collective action, you know what, we're not
22  going to, we don't believe that a lot of these people are
23  going to ever participate, we've got limited resources, and we
24  took plenty of depositions during that time, we didn't take
25  all of them, I think the Court had allowed us to take ten and
```

we took less than that but now that the stakes are a lot higher, so to speak, especially since the fact that the plaintiffs had made the demand after discovery, or the motion after discovery was closed, for them to now say that somehow we're not entitled to take any class discoveries, quite frankly it's preposterous and I think we have the right to do it. And so --

        THE COURT:  I understand all that, Mr. Labuda, but I'm not sure what to take?

        MR. LABUDA:  All I'm saying is I said we take three depositions of class members, which I think is more than reasonable here, and then we we'd also propound document demands on three individuals as well in terms of any documents that they have to support the position. I mean in this case you've got an issue of one, the hours that they worked, the class is saying that they worked more hours than they were paid for. And I mentioned there were these chits that came out of the POS system and the plaintiffs have produced, you know, a few of these chits to indicate that the hours don't jive with the pay that they got. So we want to see whether or not any of these sampled class members have any chits, any payroll records, any diaries, anything like that that indicate the hours. The other issue has to do with whether or not the shift leaders were, in fact, "employers," and shouldn't have been

                                                              9

participating in the tip. And so we'd want to depose them on that issue as well and see if they have any documentation, any write-ups that they received from shift leaders or anything like that.

          THE COURT:  Do you want to say anything from the plaintiff?

          MR. OSTROVE:  So, Your Honor, I do think that Mr. Labuda did say one thing very accurately and that's that class members are not required to participate in these kind of proceedings.  Like the opt in plaintiffs are different in the federal action in the 216(B) because they opted in, and the other class members are the new class members since discovery period ended, there is no authority to force them to like really do anything with the case to put in documentation, to be deposed. Like anyone that he would want documentation from would be from the original 216(B) opt-ins and they've already given all their documents and he's already had an opportunity to depose all these people.  So I'm just not clear, other than basically trying a second bite at the apple, why does --

          THE COURT:  It's not a second bite at the apple, I mean he hasn't had any discovery on the class action.

          MR. OSTROVE:  He has.

          THE COURT:  Pardon?

          MR. OSTROVE:  He has gotten documentation --

```
                                                             10
 1
 2            THE COURT:  On collective action, he's had discovery
 3   on the collective action but not on the class action, right?
 4            MR. OSTROVE:  He has but what he's asking for is the
 5   same exact thing that he asked for in the collective action.
 6            MR. LABUDA:  I don't see what the difference is.
 7            MR. OSTROVE:  Exactly what he described is exactly
 8   what he got in the collective action because he asked for it.
 9   All he had to do was ask for it, which he did, and we gave it
10   to him.
11            THE COURT:  Mr. Labuda, I want you to put down what
12   your discovery is, write it out and you meet with the
13   plaintiffs, and if you can't agree on what the discovery is
14   going to be, come back, and you'll provide the detailed
15   discovery. The notice, you're going to get the information
16   from the plaintiffs about the names of the class action by the
17   19$^{th}$, you're going to send that out by when?
18            MR. OSTROVE:  As soon as the claims administrator
19   can get it out --
20            THE COURT:  Well give me a date so we have a control
21   date, will you?  I mean be flexible about it.  How many weeks?
22            MR. OSTROVE:  I would say three weeks.
23            THE COURT:  Three weeks, so that would bring us to
24   the 16$^{th}$, the 26$^{th}$, the 3$^{rd}$, and then the 10$^{th}$.  Do you think you
25   can do it by the 10$^{th}$, that would give you from the 19$^{th}$ to the
```

```
                                                             11
 1
 2   10th of --
 3             MR. OSTROVE:  Yeah, that should be no problem.
 4             THE COURT:  Okay.
 5             MR. OSTROVE:  Your Honor, and with regard to
 6   discovery, we really didn't give it much, we didn't give it
 7   any thought because we assumed it was closed, but to the
 8   extent that it's reopening for a limited purpose now I would
 9   just like us also to have the opportunity to think about if
10   there's something extra that we wanted --
11             THE COURT:  Yeah.
12             MR. OSTROVE:  And then we can confer with counsel as
13   well.
14             THE COURT:  Correct. So you agree upon an amended
15   civil case management plan, provide for discovery in light of
16   my decision on class action. And it's got to be very limited,
17   it's got to be focused, it's got to be prompt, but within that
18   limitation I'm going to allow it to go forward.  And after
19   that discovery will be finished and you'll be ready for trial.
20   When would you be ready for trial?
21             MR. OSTROVE:  We would be ready for trial as soon as
22   discovery is over from the plaintiffs' perspective.
23             THE COURT:  All right.  So all right, Mr. Labuda, we
24   have a schedule for the dissemination of the information
25   needed for promulgation of the class action notice, and you
```

```
                                                           12
 1
 2  come up with your discovery plan, you work on that with the
 3  plaintiffs' firm, and if you can't reach agreement come back.
 4  But I would think that this would take, we ought to be
 5  thinking about a trial sometime in early 2015.  What does our
 6  schedule look like, Marlon?
 7            THE CLERK:  As of now we have a two to three week
 8  criminal trial scheduled to commence on January the 12$^{th}$, Your
 9  Honor.  Besides that we have nothing else on the calendar in
10  2015.
11            THE COURT:  Okay, what are your dates?  Will you
12  check them?
13            MR. LABUDA:  Do you want us to confer with, it may
14  be easier in terms of conferring case management plan and then
15  proposing a date to the Court after we've spoken to clients.
16            THE COURT:  Well I'd like to get some sense of what
17  your availability is.
18            MR. LABUDA:  Okay.
19            THE COURT:  I can give you the best information on
20  my availability.  What do we have after January, Marlon?
21            MR. LABUDA:  When is that criminal trial starting?
22            THE COURT:  January 8$^{th}$.  Is it January 8$^{th}$, no?
23            THE CLERK:  January 12$^{th}$.
24            THE COURT:  January 12$^{th}$.
25            THE CLERK:  Two to three weeks.
```

```
                                                             13
 1
 2            MR. LABUDA:  So basically January is out.
 3            THE COURT:  So Mr. Labuda, let me take up your
 4   suggestion, why don't you mark this tentatively on everybody's
 5   calendar for February?
 6            MR. LABUDA:  Okay.
 7            MR. OSTROVE:  I have a March 2ⁿᵈ trial, Your Honor,
 8   so if we could do it in early February that would be --
 9            THE COURT:  All right, that's control purposes.  And
10   Mr. Labuda, you should get back to me within two or three
11   weeks on the discovery schedule.
12            MR. LABUDA:  Sure.
13            THE COURT:  If you are able to work it out just
14   submit it, if you are not able to work it out we'll have
15   another conference.
16            MR. LABUDA:  That's fine, so we'll either submit a
17   joint civil case management plan for the class --
18            THE COURT:  Or if you can't do that --
19            MR. LABUDA:  Or we'll right a letter to Your Honor
20   saying --
21            THE COURT:  And I'll resolve it, okay.
22            MR. LABUDA:  But we're looking at a February trial.
23            THE COURT:  Correct.
24            MR. LABUDA:  Early February trial.
25            THE COURT:  Correct.
```

```
 1                                                           14
 2              MR. LABUDA:  Okay.
 3              MR. OSTROVE:  And, Your Honor, could I just clarify
 4   one other potential problem that I anticipate?
 5              THE COURT:  Go ahead.
 6              MR. OSTROVE:  In terms of the depositions that he
 7   wants to take, I mean we don't have control over these class
 8   members, we don't even know who many of them are, I would just
 9   like it clear that they would be responsible for subpoenaing
10   and serving their documents requests on the individual along
11   with the subpoena.
12              MR. LABUDA:  Normal, at least my normal procedure is
13   to send that to you. I mean quite frankly I think if sent a
14   subpoena to them I'd be violating the rules of professional
15   conduct because I'm contacting somebody that's represented by
16   them. So I think in any situation I've never sent a subpoena
17   to a class member, I mean they represent all these
18   individuals. So I --
19              THE COURT:  I think he's right on that.
20              MR. LABUDA:  So I'd be loathe to do that.
21              THE COURT:  But you can identify, how are you going
22   to identify the three --
23              MR. LABUDA:  We'd basically consult with our client
24   and determine who we think is best to depose.
25              THE COURT:  Right, then you'll talk about it with
```

```
                                                               15
 1
 2  the plaintiffs, let's see where we go from there.
 3          MR. LABUDA:  Right, I mean I have run into this
 4  situation before where you have, we've selected somebody and
 5  they can't locate them, and what we've done is just
 6  substituted somebody else in.
 7          THE COURT:  All right, that's what we'll do.  Thank
 8  you.
 9          MR. LABUDA:  Okay.  All right, thank you, Your
10  Honor.
11          THE COURT:  Maybe I'll see you in a couple of weeks.
12          MR. LABUDA:  Hopefully not.
13          MR. OSTROVE:  Your Honor, if we, just again, I know
14  this is, I could see it, I'm just trying, I know it's going to
15  be a problem, because they're going to notify us of someone,
16  we're going to reach out, the person may or may not get back
17  to us or may get back to us and say I'm not coming, I don't
18  want to deal with this.  And then the next question is going
19  to be are we obligated to subpoena our own class member for
20  him to depose them or can he just serve a subpoena and he can
21  get who he can get?
22          THE COURT:  Well why don't we take it one step at a
23  time?  I mean you are going to represent the class, correct?
24          MR. OSTROVE:  Yes.
25          THE COURT:  I mean I appointed you as class counsel,
```

```
 1                                                                16
 2   correct?
 3              MR. OSTROVE:  That's correct, Your Honor.
 4              THE COURT:  Right, so you do have an obligation to
 5   the -- right?
 6              MR. OSTROVE:  I don't have a problem executing that,
 7   but I do suspect in these class actions sometimes people don't
 8   want to participate, and I, you know, I didn't know unless
 9   you're a class rep that you would be obligated to be, appear
10   for depositions.
11              THE COURT:  Well what do you think a class rep is
12   supposed to do?
13              MR. OSTROVE:  Well I'm saying other than the class
14   reps.  Because the class reps we have no problems with, we'll
15   produce --
16              THE COURT:  No, no, but you're representing the
17   class, I mean what do you think your obligations are as the
18   attorney for the class?
19              MR. OSTROVE:  I do believe it's to represent them as
20   adequately as possible --
21              THE COURT:  Yeah, correct.
22              MR. OSTROVE:  If a class member refuses to
23   participate, then I don't know what the obligation --
24              THE COURT:  Well then I don't know either, we'll
25   find out together.
```

```
                                                             17
 1
 2            MR. OSTROVE:  Okay, fair enough, Judge.
 3            THE COURT:  Thank you.
 4            MR. OSTROVE:  Thank you.
 5                  (Whereupon the matter is adjourned.)
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                                                              18
 2                     C E R T I F I C A T E
 3
 4          I, Carole Ludwig, certify that the foregoing
 5  transcript of proceedings in the United States District
 6  Court, Southern District of New York, Saravia, et al. v.
 7  2799 Broadway Grocery LLC, et al., Docket #12cv7310, was
 8  prepared using digital transcription software and is a
 9  true and accurate record of the proceedings.
10
11
12
13
14  Signature_____
15
16  Date:   October 27, 2014
17
18
19
20
21
22
23
24
25
```