**MILMAN LABUDA LAW GROUP PLLC**
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

† Also admitted in New Jersey

**Author: Joseph M. Labuda – Member** †
**Direct E-Mail Address:** joe@mllaborlaw.com
**Direct Dial: (516) 303-1380**

<u>**Via ECF**</u>

December 23, 2014

Hon. Paul A. Crotty, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl St., Chambers 735
New York, NY 10007-1312

**Re:** Saravia et al. v. 2799 Broadway Grocery LLC et al.
12 CIV 07310 (PAC)
<u>Our File No.: 148-2013</u>

Dear Judge Crotty:

      This firm represents the Defendants in the above referenced matter. This letter shall serve as Defendants' response to Plaintiffs' letter dated December 22, 2014 concerning a petition by individuals opting-out of the class action. These individuals should be permitted to opt-out of the class action for the foregoing reasons.

      The individuals who signed the petition have the right to opt-out of the case. Specifically, the class action notices states "If you <u>do not</u> wish to participate in this lawsuit, you must send a signed letter stating your intention to exclude yourself from the Class (opt-out) to Jeffrey K. Brown, Esq. … on or before <u>December 23, 2014</u>." Moreover, the notice does not include any specific form for which individuals were to use in order to opt-out of the case. The language on the petition states in clear and unequivocal language that:

> Please accept my signature as formal notice that I do not want to participate in any way in the Federal Lawsuit Class Action in the above referenced case. I want to "OPT-OUT" and have my name removed permanently from this class action.

Thus, these individuals met the requirement of notifying Plaintiffs' counsel of their desire to opt-out as required by the Court approved notice. It should also be noted that these individuals are not alone in the desire to opt-out. In fact, eleven (11) individuals have previously opted-out of this class action.

   Furthermore, Plaintiffs make several unsubstantiated statements about how the petition was signed and whether the individuals understood the consequences for signing. However, the Plaintiffs' counsel's "concerns" are patently false. Specifically, Plaintiffs raise the following issues:

1. Plaintiffs' counsel is unaware if the individuals who signed the petition received the notice of the class action and has concerns as to whether those who signed it understood the rights they were foregoing.

   However, despite their "concern", Plaintiffs' counsel was charged with mailing the notice of the class action to all those included in the class for whom contact information was provided. To date they have not notified the Court or this office whether any mailings were returned unmarked. If Plaintiffs' counsel received such returned mailings, they would have informed the Court and Defendants' counsel of a deficient address. Thus, the presumption is that since Plaintiffs did not alert Defendants or the Court about any returned notices, that all class members received the notice.

   Additionally, as indicated by the language quoted above, the plain language of the petition makes it clear that an individual would be removed from the lawsuit.

2. Plaintiffs are concerned as to whether there was coercion or fear of retaliation for refusing to sign the petition.

   Defendants not only did not have any involvement in the circulation of the petition, but did not coerce or threaten retaliation against any individuals for refusing to sign the petition. Plaintiffs' counsel's concerns are purely speculative, unsubstantiated, and have not even a shred of evidence. In fact, they do not even know if the individuals listed on the petition are former or current employees of Defendants.

3. Plaintiffs had trouble reading the names on the petition.

   At Plaintiffs' request, Defendants provided a list of names identifying those individuals who signed the petition because Plaintiffs claimed to have trouble identifying some names. Defendants simply looked at the printed name or signature column and identified the individuals.

   In conclusion, the parties met and conferred on this issue on December 9, 2014, but Plaintiffs waited to file the instant application to the Court until yesterday, the day before the December 23, 2014 deadline for individuals to opt out of the class action. If the Court deems the petition as an invalid opt-out, these individuals will be prejudiced in that they will have no notice that they were unable to opt-out of the class action and will be time-barred from doing so.

   Based on the foregoing, Defendants respectfully request that the Court deem the signed petition as a valid opt-out form and utilize the list of names as identified by Defendants.

Respectfully submitted,

<u>/s/ Joseph M. Labuda, Esq.</u>

cc: Daniel Markowitz, Esq. (via ECF)
      Client (via e-mail)