# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

† Also admitted in New Jersey

**Author: Joseph M. Labuda – Member** †
**Direct E-Mail Address: joe@mllaborlaw.com**
**Direct Dial: (516) 303-1380**

<u>Via ECF</u>

March 25, 2015

Hon. Paul A. Crotty, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl St., Chambers 735
New York, NY 10007-1312

**Re:    Saravia et al. v. 2799 Broadway Grocery LLC et al.**
       **12 CIV 07310 (PAC)**
       <u>**Our File No.: 148-2013**</u>

Dear Judge Crotty:

   This law firm represents the Defendants in the above-referenced matter. Please be advised that at the Defendants' request, Milman Labuda Law Group PLLC seeks to withdraw as counsel.

   Defendants are substantially in arrears with respect to their payment obligations for services rendered under the terms of the Retention Agreement between Defendants and Milman Labuda Law Group PLLC ("MLLG") ("Retention Agreement").  MLLG has performed a significant amount of legal work on behalf of Defendants including: investigating the factual allegations of the Complaint including interviewing witnesses, drafting and serving discovery requests, conducting depositions, attending court conferences and participating in conferences by telephone, mediation sessions, extensive motion practice, and class-wide discovery and litigation. The clients have indicated a complete inability to pay any past or future legal bills, one corporate restaurant has closed its doors and the other corporate restaurant is nearly insolvent. Thus, Defendants request that we be relieved as counsel in order to avoid any additional legal fees.

   Local Civil Rule 1.4, "Withdrawal or Displacement of Attorney of Record," provides as follows:

> "[a]n attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order.

>Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

It is well settled under Local Civil Rule 1.4 that a client's failure to pay legal fees constitute "satisfactory reasons for withdrawal as counsel." <u>Team Obsolete, Ltd. v. A.H.R.M.A., Ltd.</u>, 464 F. Supp. 164, 165 (E.D.N.Y. 2006). Moreover, the New York Code of Professional Responsibility permits a lawyer to "withdraw from representing a client if . . . [t]he client… [d]eliberately disregards an agreement or obligation to the lawyer as to expenses or fees." N.Y. Rules of Professional Responsibility Rule 1.16(c)(5).

Based on MLLG's inability to obtain payment of its fees in accordance with the Retention Agreement, MLLG's conversations with the clients wherein the clients clearly indicated that it could not make such payments, the clients' behavior which strongly suggests that it is not able to make such payments and the clients' request that MLLG withdraw as counsel, MLLG respectfully requests to be relieved as counsel in defending this case.

Thank you for your attention to this matter.

Respectfully submitted,

/s/ Joseph M. Labuda, Esq.

cc:   Daniel Markowitz, Esq. (via ECF)
      Client (via e-mail)