USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: December 15, 2015

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

GUSTAVO SARAVIA, RONALD CUCOLO, and OMAR MORALES AGUILAR; on behalf of themselves and all other persons similarly situated,

                              Plaintiffs,

- against –

2799 BROADWAY GROCERY LLC d/b/a CASCABEL TAQUERIA; 301 EAST 80th GROCERY LLC d/b/a CASCABEL TAQUERIA; and/or any other entities affiliated with, controlling, or controlled by 2799 BROADWAY GROCERY LLC d/b/a CASCABEL TAQUERIA; 301 EAST 80th GROCERY LLC d/b/a CASCABEL TAQUERIA and/or DAVID CHIONG; ELIZABETH GAUDREAU, individually,

                              Defendants.

No: 12-cv-7310

**FINAL ORDER APPROVING SETTLEMENT**

---

WHEREAS, the Parties[1] have made an application, pursuant to Rule 23(e) Fed. R. Civ. P. for an order approving settlement in the above-entitled action (the "Lawsuit") of the claims alleged, in accordance with the Settlement Agreement and Release ("Agreement") which sets forth the terms and conditions for the settlement of the Lawsuit against Defendants and for dismissal of the Lawsuit against Defendants with prejudice upon the terms and conditions set forth therein, and the Court has read and considered the Agreement, the memorandum of law in support of final approval, the memorandum of law in support of attorneys' fees and service awards, and the Declarations of Daniel Markowitz, and exhibits attached thereto;

WHEREAS, on August 10, 2015, this Court issued an order preliminarily approving the proposed Agreement and providing for court approved notice of the settlement to the Class Members. Based on its preliminary review, this Court found that the settlement was fair, just, reasonable, and in the best interest of the Class. Pursuant to Rule 23(e) of the Federal Rules of

---

[1] Capitalized terms not defined herein have the meanings assigned to them in the Agreement.

Civil Procedure, this Court also scheduled a Fairness Hearing to further discuss the terms of the settlement and to provide an opportunity for any objections to be heard.

WHEREAS, Class Counsel has advised that no written objections to the settlement have been received and 4 Class Members out of approximately 1,145 have opted out of the settlement. Further, no one is anticipated to appear at the Fairness Hearing, scheduled for December 15, 2015, to voice an objection or otherwise be heard to contest the settlement.

WHEREAS, the Court is satisfied that the proposed settlement meets both procedural and substantive fairness.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. This Court has jurisdiction over the subject matter of the Lawsuit, and over all parties to the Lawsuit, including all Class Members.

2. For purposes of this Order, all terms not otherwise defined herein shall have the same meanings set forth in the Agreement.

3. The settlement as set forth in the Agreement is approved and is, in all respects, fair, reasonable, adequate and in the best interests of the Class, in accordance with Rule 23(e) of the Federal Rules of Civil Procedure.

4. All terms and provisions of the Agreement shall be implemented.

5. Class Counsel shall be awarded attorneys' fees in the amount of $177,481.62.

6. Class Counsel shall be awarded costs in the amount of $22,518.38.

7. For services rendered on behalf of the Lawsuit and Class, Named Plaintiff Saravia shall be awarded $10,000.00, Named Plaintiff Cucolo shall be awarded $10,000.00, Named Plaintiff Aguilar shall be awarded $10,000.00, Opt-in Plaintiff Abraham Carlos Reyes

shall be awarded $7,500.00, Opt-in Plaintiff Rachel Brill shall be awarded $7,500.00, Opt-in Plaintiff David Olano shall be awarded $2,500.00, and Opt-in Plaintiff Jose Castro shall be awarded $2,500.00. These service awards are in addition to any settlement amounts these Plaintiffs are eligible to receive pursuant to the Agreement as members of the Class.

8. Class Members who have not properly and timely exercised their opt-out rights in the Lawsuit are conclusively deemed to have released or discharged Defendants from, and are permanently enjoined and barred from asserting, either directly or indirectly, against Defendants, any and all claims released in the Agreement. All such matters are hereby finally concluded, terminated and extinguished.

9. Without affecting the finality of this Order in any way, this Court hereby retains jurisdiction over consummation and performance of the Agreement.

SO ORDERED THIS 15th DAY OF December 2015.

_____
Hon. Paul A. Crotty, U.S.D.J.

3